No. 14725

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

BILLINGS ASSOCIATED PLUMBING, HEATING
AND COOLING CONTRACTORS, et al.,

    Plaintiffs and Appellants,

  -vs-

STATE BOARD OF PLUMBERS,

    Defendant and Respondent.

Appeal from: District Court of the Thirteenth Judicial District,
      Honorable C. B. Sande, Judge presiding.

Counsel of Record:

  For Appellants:

    Calvin A. Calton argued, Billings, Montana

  For Respondent:

    Hon. Mike Greely, Attorney General, Helena, Montana
    Denny Moreen argued, Assistant Attorney General, Helena,
     Montana

           Submitted: September 17, 1979

             Decided: NOV 14 1979

Filed: NOV 14 1979

_Thomas J. Kearney_
          Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff appeals from a judgment on the pleadings in favor of defendant in the District Court of Yellowstone County.

Plaintiff is an informal association of plumbing contractors in the Billings, Montana, area. It filed an action for declaratory judgment seeking to have state statutes establishing a statewide permit system for plumbers declared unconstitutional. The Billings Association claimed the state inspection and permit system was substantially a duplication of an existing local system in the Billings area; that it subjected Billings plumbers to two fees; and that the dual regulatory system denied Billings plumbers equal protection of the law and due process. The District Court restrained the State Board from collecting inspection and permit fees during the pendency of the action.

During the course of the action the 1977 Legislature enacted a statute providing that no state permit was required in an area where a city code was in effect covering plumbing installations and providing inspection procedures. Section 50-60-506(3), MCA.

The State Board counterclaimed seeking a mandatory injunction to compel Billings plumbers to obtain permits and pay fees for plumbing installations prior to the effective date of the 1977 Act. The District Court granted the State Board judgment on the the pleadings. The Billings Association appeals.

Plaintiff assigns the following issues for review in this appeal:

(1) Is the dual regulatory system for plumbers as it existed prior to the 1977 legislation an unconstitutional denial of equal protection and due process?

(2) Is there a material issue of fact precluding judgment on the pleadings?

- 2 -

(3)  Is injunctive relief a proper remedy?

By way of background to the present controversy, the City of Billings had enacted and placed in operation, as part of its municipal building code, inspection procedures covering plumbing installations pursuant to the authority contained in section 50-60-301 et seq., MCA.  The 1975 Legislature enacted an amendment to the existing state law providing a statewide inspection and permit system for plumbing installations to be administered by the State Board of Plumbers.  Section 1, Ch. 466, Laws of Montana 1975, codified in section 50-60-505, MCA.  This amendment became effective on July 1, 1975.  Under this legislation, permit fees were to be paid by plumbing contractors and placed in a revenue fund earmarked to cover costs of administration, inspection and enforcement of the State Plumbing Code.  The state system substantially duplicated the existing Billings system.  The effect was to subject Billings plumbers to two permits and two fees, one payable to the city and the other payable to the state.

This situation was remedied by the 1977 Montana Legislature's enactment of a statute providing that no state permit was required in an area where a municipal code covering plumbing installations and providing inspection procedures was in effect as heretofore indicated.

The present action, insofar as it seeks collection of state fees, is limited to plumbing installations in the Billings area between July 1, 1975, and July 1, 1977.

The first issue in this appeal is the constitutionality of the state statutes providing for state inspections of plumbing installations and state fees therefor.  The Billings Association contends that the state statutes create double regulation of Billings plumbers which is an invalid exercise of police power, denies them equal protection of the law, and violates due process requirements.  The State Board of Plumbers argues the converse.

The state regulatory system is aimed at the protection of the health and welfare of the people of this state.  Section 50-60-501, MCA.  It constitutes an exercise of the state's police power.  Billings Properties, Inc. v. Yellowstone County (1964), 144 Mont. 25, 394 P.2d 182.  It is not contended nor argued that either the Billings regulatory system or the state regulatory system standing alone is constitutionally defective.  It is the coexistence of the two regulatory systems that is the focus of the constitutional attack.

Dual regulation of an activity by a municipality and the state is not prohibited as long as the municipal regulation does not conflict with the state regulation.  62 CJS Municipal Corporations, Sec. 143, pp. 286-293.

> "Where there is room for concurrent jurisdiction, there is no objection to the state and a municipality legislating upon the same subject, so long as the municipal ordinance does not conflict with the state law."  State v. Cook (1929), 84 Mont. 478, 485, 276 P. 958, 961.

Here the state permitted local regulation.  Section 50-60-201 et seq., MCA.  This manifested a legislative intent that plumbing jurisdiction and regulation be concurrent between the city and state.  There is no contention that the two regulatory systems are conflicting or irreconcilable.  Moreover, if the two systems did conflict, the local system, not the state system, must yield. City of Bozeman v. Merrill (1927), 81 Mont. 19, 261 P. 876.

The right to carry on a lawful business is a property right; due process requires that it not be unreasonably or unnecessarily restricted.  U.S. Const., Amend. XIV, §1; 1972 Mont. Const. Art. II, §17.  The state regulatory system of plumbers is a valid exercise of police power over a lawful business.  See State v. Abstracters Board of Examiners (1935), 99 Mont. 564, 45 P.2d 668, and Freeman v. Board of Adjustment (1934), 97 Mont. 342, 34 P.2d 534.

- 4 -

Equal protection of the laws requires that all persons be treated alike under like circumstances. U. S. Const., Amend. XIV, §1; 1972 Mont. Const., Art. II, §4; Montana Land Title Ass'n v. First American Title (1975), 167 Mont. 471, 539 P.2d 711. Classification of persons is allowed as long as it has a permissible purpose and the classifying statute has a reasonable relationship to that purpose. McGowan v. Maryland (1961), 366 U.S. 420, 81 S.Ct. 1101, 6 L Ed 2d 393; Lindsley v. Natural Carbonic Gas Co. (1911), 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369, see also United States v. Reiser (D.C. Mont. 1975), 394 F.Supp. 1060, 1063, rev'd on other grounds (9th Cir. 1976), 532 F.2d 673.

Here concurrent regulation by the city and state was permissible. All plumbers subject to both the Billings ordinance and the state statute were treated alike. To the extent that dual regulatory system established a classification between Billings area plumbers and those in the rest of the state, the classification was reasonable and bore a rational relationship to the purpose of protecting public health. Any system of dual regulation by different governmental entities necessarily subjects some persons to different treatment than others but this is not the test of equal protection.

Accordingly, we hold that the state legislation establishing a dual regulatory system was constitutional.

The Billings Association next contends that an issue of fact exists which precludes entry of a judgment on the pleadings. The Association alleged the Board could not have conducted inspections of every plumbing installation during the period from July 1, 1975 to July 1, 1977.

Assuming the inability of the Board to inspect every installation, judgment on the pleadings was nonetheless properly entered. The act provides:

"All plumbing and drainage systems <u>may</u> be inspected by the department of administration or its authorized representative to insure compliance with the requirements of the state plumbing code." Section 50-60-510, MCA. (Emphasis added.)

Inspection was not intended to be mandatory as evidenced by use of the word "may" rather than "shall" or "must". Enforcement was intended to be selective and the Board's alleged inability to inspect does not preclude judgment on the pleadings.

Turning to the last issue, we hold that injunctive relief is improper in this case. The injury complained of was noncompliance with a state permit requirement from 1975-1977. Injunctive relief cannot remedy a past wrong. Dutton v. Rocky Mountain Phosphate, Inc. (1969), 152 Mont. 352, 362, 450 P.2d 672, 677; Bouma v. Bynum Irrigation District (1961), 139 Mont. 360, 364, 364 P.2d 47, 49; 42 Am Jur 2d Injunctions §4, pp. 730-731.

We do not find a continuing nuisance which would, if it existed, be subject to remedy by injunction. A continuing nuisance contemplates some sort of future harm unless the offending act is enjoined. Here all the harm occurred from 1975-1977. Where the entire injury is in the past, an injunction cannot issue.

The injunctive relief is vacated. The remainder of the judgment on the pleadings is affirmed.

_Frank L. Haswell_
_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 6 -