MR. JUSTICE HARRISON,
dissenting:
My dissent is directed to the second issue and that is whether the District Court erred in dismissing charges relating to the theft of the Siemion calf. As previously noted in the opinion of the majority, Nelvett Siemion is an enrolled member of the Crow Tribe. Not only is she an enrolled member of the Crow Tribe, but she is a citizen of the State of Montana, and as a citizen of the State of Montana, she is entitled to all Constitutional rights other citizens enjoy. This Court, in the case of State ex rel. Kennerly v. District Court (1970), 154 Mont. 488, 466 P.2d 85, in a matter concerning civil jurisdiction, reviewed the problem of Indian rights and the effect federal and state jurisdictional problems have had upon our Indian citizens. While that case involves a civil matter, much of which was said therein, it is applicable here, even though the United States Supreme Court reversed our decision on a technical matter of approval of Indian ordinances by the Congress. Some of what we said in Kennerly is certainly applicable here and it is important that the Court consider the right of an Indian citizen in a criminal matter such as we have before us.
In Kennerly we noted that the jurisdiction problem arising from civil and criminal legal relationships between Indi *208 ans and non-Indians, has been before this Court since statehood. With some 25,000 plus Indian citizens living on or near one of seven Indian Reservations in the state, it is understandable that the problem is not new; however, because of the duality of the Indian’s legal status, each case must be considered in light of both state and federal relationships.
Indians, resident in Montana, whether they are full-blood or partial-blood, allotted or not allotted, domicile on the reservation or off of it, of one tribe or another, or whatever their status, are citizens of the State of Montana. They are entitled to the protection of our laws and are responsible to our laws. They are entitled to register to vote and many do. They are entitled to hold public office, and some do. They vote in goodly numbers for office of judge of the District Court and for the justices of this Court. To now hold, as we do in the majority opinion, that an Indian citizen, who resides on a reservation, who has no protection from the federal law on that reservation concerning the stealing of one of his head of cattle, is not entitled to the protection of this Court, is, in my opinion, depriving one of our citizens the equal protection of the laws.
Article II, Section 16 of the 1972 Constitution provides:
“The administration of justice. Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. No person shall be deprived of his full legal redress for injury incurred for employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under Workers’ Compensation laws of this State. Right and justice shall be administered without sale, denial, or delay.”
By holding as we do, we are disenfranchising an Indian citizen living within the external boundaries of an Indian reservation. We are closing our Courts to a large number of citizens of Indian heritage who live on a reservation. We are denying’ protection from the criminal element of the state who go upon reservations and deprive Indian citizens of *209 their property. Long ago, in 1952, Justice Angstman, in opinion Bonnet v. Seekins (1952), 126 Mont. 24, 243 P.2d 317, held that the courts of this State are open to citizens of Indian extraction. Today, we are denying one of those citizens a right to come to Court in a criminal matter.
Equal protection of the laws requires that all persons be treated alike under like circumstances. Billings Associated Plumbing, Heating & Cooling Contractors v. State Board of Plumbers (1979), Mont., 602 P.2d 597, 36 St.Rep. 1996. Montana’s Constitution offers greater protection to its citizen than the United States Federal Constitution and these protections should go to our Indian citizens as well as non-Indians.
I would find that there is jurisdiction in this matter with relation to a theft by a non-Indian of a calf of a Indian citizen and would remand the action to the District Court for trial.
MR. JUSTICE GULBRANDSON concurs in the foregoing dissent.