No. 85-554

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

KINGSBURY DITCH CO.,

        Petitioner and Respondent,

-vs-

DEPARTMENT OF NATURAL RESOURCES
AND CONSERVATION, et al.,

        Respondents and Appellants.

---

APPEAL FROM:  District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable W. W. Lessley, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jardine, Stephenson, Blewett & Weaver; K. Dale
        Schwanke argued for Pondera Canal, Great Falls,
        Montana
        Candace West, Dept. of Natural Resources, Helena,
        Montana;  Donald D. MacIntyre argued for Dept. of
        Natural Resources, Helena, Montana

    For Respondent:

        Loble & Pauly; Lester Loble argued for Kingsbury
        Ditch Co., Helena, Montana

---

                    Submitted:  September 11, 1986

                    Decided:  October 9, 1986

OCT 9 - 1986

Filed:

*Ethel M. Harrison*

---
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Kingsbury Ditch Company filed an application with the Department of Natural Resources and Conservation (DNRC) to change the point of use of a water right as required by the Water Use Act of 1973, § 85-2-402, MCA (1983). Pondera County Canal and Reservoir Company and many others filed objections to the proposed change, and a hearing date was set. During the course of the proceedings, the DNRC hearing examiner made several procedural rulings. Kingsbury asked the Water Court to review two of those rulings. The Water Court reversed both rulings. The DNRC and Pondera appeal. We vacate and remand.

Pondera raises this issue on appeal. Did judicial review properly lie from the interlocutory rulings of the hearing examiner? Both appellants raise the following two issues: (1) Whether the District Court erred in ordering that the burden of proof must be placed on the objector in a contested case hearing for a change of use application before the DNRC? (2) Whether the District Court erred in ordering the hearing examiner to impose discovery sanctions prior to hearing to assure compliance with petitioner's request for discovery?

Kingsbury Ditch Company has a pre-1973 water right. Subsequent to the passage of the Water Use Act of 1973, they applied for DNRC approval to change the point of use of that water right as required by § 85-2-402, MCA (1983). Public notice of the proposed change was given and a prehearing conference was scheduled. The hearing examiner detailed the

issues for the prehearing conference in her order of October 18, 1983. The order read:

> The issues in the Hearing will be whether the Applicant has shown existence of the statutory criteria for change in place and method of use pursuant to MCA § 85-2-402. The Objectors have the burden of proof to show that their rights will be adversely affected by the change proposed by the Applicant. (Emphasis added.)

This order was clarified by another order issued by the hearing examiner on October 19, 1984. It read:

> [A]s in all administrative proceedings, the Applicant bears the burden of pursuasion (sic) on all ultimate issues, i.e.: the scope of the existing right subject to the change request, and lack of adverse affect to other appropriators. The Objectors herein bear the burden of production on the scope [and] existence of their rights, and the kind and character of adverse affect alleged. (Emphasis added.)

After the prehearing conference was scheduled, the hearing examiner ordered all parties to participate in discovery. Kingsbury served a discovery request on all parties on December 21, 1983. On December 23, 1983 the hearing examiner, in response to Kingsbury's motion, issued an order for discovery, requiring all parties to respond within 30 days to Kingsbury's discovery request. On January 27, 1984, Kingsbury moved the hearing examiner to dismiss the objections of the objectors who failed to respond to the discovery request.

The hearing examiner stated that she has discretion as a hearing examiner to order discovery and impose sanctions for failure of a party to comply with her order. She noted that numerous objectors were unrepresented by counsel, and their ability to respond to discovery requests was limited. One such objector who attended the prehearing status conference indicated a willingness to respond to the discovery request but an understandable inability to comprehend exactly what a

response should entail. The hearing examiner ruled that dismissal is a harsh sanction, especially against one unrepresented by counsel in an administrative proceeding where water users typically appear pro se. Further, there had been no allegations of bad faith on the part of non-responsive parties. She held there was a less drastic means to protect Kingsbury's fundamental right to fairness and procedural due process. She denied the motion to dismiss the objections without prejudice and ruled that if the objectors appeared at the hearing with substantive testimony of which Kingsbury was unaware, a continuance sufficient for Kingsbury to meet the evidence would be granted.

Kingsbury sought judicial review of these two orders in the District Court. Judge Loble deemed himself disqualified and Judge Lessley assumed jurisdiction. The facts on appeal were stipulated to and following briefing Judge Lessley reversed both orders.

He ruled:

[T]he Hearing Examiner below will return to her original Order . . . namely "The objectors have the burden of proof to show that their rights will be adversely affected by the change proposed by the Applicant."

and

[B]efore the time set for the next hearing in this Cause, the Examiner shall prepare such Orders as are necessary to assure compliance with Petitioner's request for Discovery; that such Order will carry the condition of Sanctions for failure to comply.

On appeal, Pondera argues judicial review was not appropriate. Pondera contends that pursuant to MAPA, the only types of administrative orders that are subject to judicial review are final decisions in which the aggrieved party has exhausted his administrative remedies. Section

- 4 -

2-4-702, MCA. The exception to that rule is § 2-4-701, MCA, which allows review of a "preliminary, procedural, or intermediate agency action or ruling . . . if review of the final agency decision would not provide an adequate remedy." Pondera contends adequate relief is available by way of a review of the final agency decision.

Pondera also argues that pursuant to § 2-4-704, MCA, when judicial review is undertaken, the reviewing court may reverse or modify "if substantial rights of the appellant have been prejudiced" by administrative findings which are: violative of constitutional or statutory provisions; in excess of the statutory authority of the agency; made upon unlawful procedures; affected by other error of law; arbitrary or capricious; characterized by abuse of discretion or clearly unwarranted exercise of discretion. Pondera argues no prejudice to Kingsbury has ever been shown or alluded to and that the reviewing court did not have grounds to reverse.

The orders appealed here are clearly intermediate, procedural orders of the hearing examiner. There has been no final decision as yet, nor an exhaustion of administrative remedies as required by § 2-4-702, MCA. A preliminary, procedural, or intermediate agency ruling may be reviewed if review of the final agency action would not provide an adequate remedy. Section 2-4-701, MCA. There has been no showing in this case that a review of the final agency action would provide an inadequate remedy. We therefore hold that judicial review did not lie from the orders of the hearing examiner.

Since we have decided that judicial review is not proper, we decline to address the two remaining issues raised

- 5 -

by appellants, instead we vacate the decision of the lower court and remand for further proceedings.

_____
                Justice

We Concur:

_____
          Chief Justice

_____

_____

_____

_____
                Justices

- 6 -