AMENDED

No. 90-201

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE WAGE CLAIMS AND
UNEMPLOYMENT INSURANCE CLAIMS OF
DAVID L. SMAIL and TERRY BRAVE,

        Respondents and Appellants,

  and

THE DEPARTMENT OF LABOR AND INDUSTRY
BOARD OF LABOR APPEALS,

        Respondent and Respondent,

  -v-

AL'S SALES, INC. dba OAK AND BRASS and
DALE P. HART,

        Petitioner and Respondent.

FILED

OCT 5 - 1990

Ed Smith
CLERK OF SUPREME COU...
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John W. Larson, Missoula, Montana

    For Respondent:

        Terry Wallace, Missoula, Montana

    For Amicus:

        Melanie A. Symons; Department of Labor, Appeals
Bureau; Helena, Montana

Submitted on Briefs:  August 9, 1990

Decided:  SEP 2 0 1990

Filed:

Clerk

No. 90-201

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF THE WAGE CLAIMS AND
UNEMPLOYMENT INSURANCE CLAIMS OF
DAVID L. SMAIL and TERRY BRAVE,

        Respondents and Appellants,

   and

THE DEPARTMENT OF LABOR AND INDUSTRY
BOARD OF LABOR APPEALS,

        Respondent and Respondent,

   -v-

AL'S SALES, INC. dba OAK AND BRASS and
DALE P. HART,

        Petitioner and Respondent.

FILED

SEP 20 1990

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable John S. Henson, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

        John W. Larson, Missoula, Montana

     For Respondent:

        Terry Wallace, Missoula, Montana
        Melanie A. Symons; Department of Labor, Appeals
        Bureau; Helena, Montana

Submitted on Briefs:  August 9, 1990

Decided:

Filed:

_____
            Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Fourth Judicial District setting aside a default judgment entered against respondent, Dale Hart by the Department of Labor and Industry. The default judgment awarded appellants, David Smail and Terry Brave $41,844.44 in back wages and penalties. We reverse and remand for further proceedings.

The sole issue on appeal is:

Whether the District Court of the Fourth Judicial District erred when it set aside the default judgment entered against Dale Hart by the Department of Labor and Industry.

Dale Hart (Hart) was the owner and operator of Al's Sales Inc., d/b/a Oak and Brass in Missoula, Montana. David Smail (Smail) and Terry Brave (Brave) were employees of Al's Sales. For reasons not relevant to this appeal, Brave and Smail were terminated on May 13, 1988.

Following their termination, Smail and Brave submitted claims to the Department of Labor and Industry (Department) for overtime pay and unemployment compensation, which they alleged were owed to them by Hart. The claims for unemployment compensation have been determined and are not part of this appeal.

However, during the time that the unemployment compensation proceeding was pending, the Department sent Hart a letter informing him of the overtime wage claims. The letter further requested that Hart send all of his records relevant to Smail's and Brave's claims for overtime compensation.

According to Hart, his lawyer contacted the Department and informed them that all of the requested records were tied up in the unemployment compensation proceeding and therefore were not available at that time. He further requested that he be given permission for further time to respond to the wage claim petition. Hart maintains that the Department gave him permission to file his response ten days after the decision was rendered in the Unemployment Compensation Hearing.

Apparently, the two claims were handled by different divisions within the Department. The Department states in its amicus brief that these two divisions rarely have any contact with one another. Consequently, neither division would necessarily have any knowledge of proceedings taking place in the other. This is why the state personnel handling the overtime claim were unaware of the proceedings surrounding the unemployment compensation claim.

At any rate, the hearing on the unemployment compensation claim took place on August 26, 1988, and the decision was rendered on August 29, 1988. Unfortunately, notice of the decision was mailed to the wrong address, and consequently neither Hart nor his attorney knew about the decision.

Sometime in late September or early October, the Department sent a Notice of Opportunity of Hearing to Hart. This notice formally informed Hart of the overtime claims and further stated that:

> IF YOU [Hart] DESIRE TO CONTEST THE WAGE CLAIMS YOU
> MUST NOTIFY THE INVESTIGATIONS BUREAU OF THE EMPLOYMENT
> RELATIONS DIVISION, P.O. BOX 1728, HELENA, MONTANA 59624,
> IN WRITING WITHIN TEN (10) DAYS AFTER SERVICE OF THIS

NOTICE ON YOU.  CONTACT BY TELEPHONE TO THIS OFFICE DOES NOT WAIVE THIS REQUIREMENT.

According to Hart, he didn't answer the notice because he relied upon the Department's oral agreement that he would have ten days following the final decision on  the unemployment claim to respond.  Since he didn't know that that claim had been resolved, he did not contact the Department.  After awaiting his response for twenty days, the Department entered a default judgment against Hart for $41,844.44.

Hart then appealed to the District Court.  In its opinion and order, the District Court found that Hart failed to comply with the requirements of the Administrative Procedure Act when he failed to answer the notice.  It further found, however, that Hart offered plausible excuses for his failure, including being misled by the state.  The court also expressed its  lack of knowledge concerning the circumstances surrounding Hart's default.  The court's doubts are expressed in its order which states:

> A review of the record has raised questions which are not answered by the record.  This is an action where the State may have acted hastily and failed to fulfill agreements, or the Petitioner may be lying.  But the record provides no clear-cut guidance to the Court as to such matters.  In any event, the least that happened herein was a failure to communicate.  Such failure apparently involved inadequate communication between (1) the various divisions of the Department of Labor and Industry, (2) the Department and Petitioner, and (3) the Petitioner and Petitioner's counsel.

Based upon these doubts, the lower court set aside the default judgment and remanded the case back to the Department for further proceedings in accordance with the Administrative Procedures Act.

This appeal followed.

Section 2-4-704, MCA, provides the standard of review which must be utilized whenever a court reviews an agency decision. This statute provides that a reviewing court may not substitute its judgment for that of the agency on questions of fact. Findings of fact can only be reversed if the substantial rights of a party have been prejudiced because they are clearly erroneous. Section 2-4-704(2), MCA. If further evidence is required in order for the lower court to make a decision, the court may remand the case back to the agency for further fact finding. Section 2-4-703, MCA.

In the case now before us, it is clear that the lower court was not adequately informed of the circumstances surrounding the default. There was no record submitted by the Department which revealed the reasons for Hart's failure to respond to the Department's notice. As a result, the lower court was forced to hypothesize as to the reasons for such failure. The court's confusion on this issue is evident by its statement that:

> This is an action where the state may have acted hastily and failed to fulfill agreements, or the Petitioner (Hart) may be lying.

The lower court erred in reversing the default judgment when it was not adequately apprised of the reasons for Hart's failure to respond. It should have remanded the case back to the Department for further fact finding and decision relative to the default in accordance with § 2-4-703, MCA. We therefore reverse the order setting aside the default judgment and remand the case to the District Court for it to remand the case back to the

5

Department for determination of the propriety of the default judgment. If the default judgment is vacated, the agency shall determine this controversy upon its merits.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
            Justices