No. 92-610

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993


VESTER A. WILSON, II,
and SUE E. WILSON,

      Plaintiffs and Respondents,

  -v-

DEPARTMENT OF PUBLIC SERVICE
REGULATION; and PUBLIC SERVICE
COMMISSION OF THE STATE OF MONTANA,

      Defendants and Appellants.



FILED

AUG 26 1993

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas C. Honzel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Timothy N. Sweeney, Montana Public Service
Commission, Helena, Montana

      For Respondent:

          Neil E. Ugrin, Gary M. Zadick, Ugrin, Alexander,
Zadick & Slovak, Great Falls, Montana


Submitted on Briefs: April 30, 1993

Decided: August 26, 1993

Filed:

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from a Memorandum and Order of the First Judicial District granting, inter alia, Vester A. Wilson, II and Sue Wilson (Wilsons) immediate judicial review of action taken against them in a matter presently pending before the Public Service Commission (PSC). We affirm.

We restate the issue on appeal as whether, under Section 2-4-701, MCA, the District Court properly granted immediate review of the agency's action in this case.

The following facts are taken from the District Court's Memorandum and Order dated October 20, 1992, and, for purposes of this opinion, will be deemed controlling.

The Wilsons, d/b/a Bitter Root Disposal hold a Class D Motor Carrier Certificate of Public Convenience and Necessity issued by the PSC (the certificate). Under the certificate, Wilsons are authorized to transport garbage and other materials defined in § 69-12-301(5), MCA, in the area of Hamilton, Montana.

On April 17, 1992, the PSC issued a notice of complaint and order to show cause (the notice) to the Wilsons pursuant to § 69-12-327, MCA, on the basis of three complaints of alleged intimidation and harassment of customers and competitors by the Wilsons in the operation of their business. The notice stated:

> A certificate of authority is granted by order of the Commission and is contingent upon carrier fitness to provide for hire motor carrier service to the public. "Carrier fitness" refers to a carrier's character, financial strength, and equipment base. Conduct of the type described in the complaints is inconsistent with a finding of carrier fitness and therefore in violation of

2

the order granting the certificate of authority.

On April 29, 1992, the Wilsons filed their answer to the notice and requested a hearing with full opportunity for discovery and contested case procedures. In their answer, the Wilsons asserted that the notice was beyond the scope of the PSC's authority and that the complaints did not relate to service or fitness under the provisions of Title 69.

The PSC, by subsequent notice, scheduled the matter for public hearing in July 1992 and provided dates certain in June for requesting and responding to discovery. Wilsons moved to dismiss, timely requested discovery from the PSC and also moved for the appointment of an independent hearing examiner.

Prior to the date set for responding to discovery, a staff attorney for the PSC advised the Wilsons by letter that, at a work session, the PSC denied their motion to dismiss, denied their request for an independent hearing examiner and denied their request for discovery, and, further, advised that the actions of the PSC would not become final until it issued an order or notice of Commission action.

Shortly thereafter, Wilsons filed with the District Court their application for alternate writs including a writ of review of the PSC's jurisdiction in the case, a writ of mandamus to appoint an independent hearing examiner and a writ to compel discovery by the PSC. That same day the District Court issued an order staying the proceedings pending a hearing on the application. Subsequently, the Wilsons moved to amend their application to include a request

3

for immediate review under § 2-4-701, MCA.

Later in June, at a hearing before the District Court to determine whether the court's order staying the proceedings should remain in effect, Wilsons and their counsel first learned from the PSC attorney that the proposed PSC witness list had been expanded by approximately 200 people who had been invited to offer testimony and to present evidence at the PSC hearing.

After a hearing in August 1992, the District Court issued its Memorandum and Order granting the Wilsons' motion to amend their application to request immediate judicial review, denying their application for the appointment of an independent hearing examiner and remanding the matter to the PSC with directions that the agency either dismiss the proceeding or give the Wilsons notice of the alleged bases for revocation under § 69-12-327, MCA, of their certificate, that the PSC follow procedures which insure that the Wilsons receive due process and that the PSC respond to the discovery requests served by the Wilsons. This appeal followed.

Section 2-4-701, MCA, provides:

> **Immediate review of agency action.** A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

While that provision is not included in the Model Administrative Procedures Act, the Compiler's Comments indicate that this section was reinserted into the Montana Administrative Procedures Act in 1971.

The PSC argues that the District Court improperly granted immediate review in this case because the Wilsons failed to show

4

that review of the final agency decision would not provide an adequate remedy. We disagree.

The PSC's April 17, 1992 notice was issued pursuant to § 69-12-327, MCA, which provides, in pertinent part:

> **Revocation of certificate -- right of review.** (1) If it appears that a certificate holder is violating or refusing to observe any of the commission's <u>orders or rules or any provision of Title 69, as amended</u>, the commission may issue an order to the certificate holder to show cause why the certificate should not be revoked.... (Emphasis added).

While it is clear that the PSC has the authority to revoke a certificate of public convenience and necessity, it is equally clear that the revocation must be based upon the certificate holder's violation of or refusal to observe any of the "commission's orders or rules or any provision of Title 69, as amended".

Whether some order, rule or provision of Title 69 includes the concept of "carrier fitness," as argued by the PSC, and whether violation of that concept constitutes a "viola[tion] of or refus[al] to observe ...any provision of Title 69, as amended," was not finally decided by the District Court and is not the issue on this appeal.

It is a well established principle of administrative law that before a reviewing court considers the question of an agency's jurisdiction, that sound judicial policy dictates that there be an exhaustion of administrative remedies, part and parcel of which requires that the agency be accorded an opportunity to determine initially whether it has jurisdiction. Marshall v. Burlington

5

Northern, Inc. (9th Cir. 1979), 595 F.2d 511, 513; Marshall v. Able Contractors, Inc. (9th Cir. 1978), 573 F.2d 1055, 1057.

The District Court followed that rule when it observed that there was a question of jurisdiction that would ultimately have to be decided by the court and that the Wilsons had challenged the authority of the PSC to proceed on the basis of the cited statute. The District Court's primary concern went to the failure of the PSC to articulate to the Wilsons exactly how their alleged misconduct related to the statutory basis for revocation. As the District Court stated in its Memorandum and Order, "[b]ecause the Commission has failed to point to any alleged violation of a statute or a Commission order or rule, the Court concludes that the notice fails to comply with the requirements of Section 69-12-327, MCA."

Additionally, the District Court was concerned that the Wilsons requested in discovery and in various hearings that the PSC specify the Commission's orders or rules or provisions of Title 69 which were alleged to have been violated, that the PSC had failed to respond to the Wilson's discovery requests, and that the agency had greatly expanded the service list well beyond that contained in the original notice to include an additional 200 people who were invited to testify. The latter was accomplished without notice to the Wilsons, who, a week before the scheduled hearing, did not know the witnesses against them or what such witnesses might say.

In Billings Assoc. Plumbing, Etc. v. State Bd. (1979), 184 Mont. 249, 253, 602 P.2d 597, 600, we stated that, "[t]he right to carry on a lawful business is a property right; due process

6

requires that it not be unreasonably or unnecessarily restricted," citing the U.S. Constitution, Amendment XIV, Section 1 and the 1972 Constitution of Montana, Article II, Section 17.

Inasmuch as the Wilsons may not carry on their business except under the authority of a certificate of public convenience and necessity issued by the PSC, it follows that if that agency intends to take action which might result in the Wilsons' loss of their certificate, and hence their right to do business, fundamental fairness and due process require that they at a minimum be given notice of the alleged bases for the possible revocation. Under the governing statute, notice by the PSC necessarily requires specification of the "commission's orders or rules or . . . provision[s] of Title 69, as amended . . .," that they are alleged to have violated or that they are alleged to have refused to observe.

Furthermore, the Wilsons are entitled to procedural due process which includes, among other things, the ability to discover information relevant to the case against them along with the identity of the witnesses who are expected to testify and the substance of the expected testimony.

We hold that, under the facts and circumstances of this case, judicial review of the final agency decision is not an "adequate remedy" where the record on which the final decision is to be based contains no specification of the orders, rules or statutes which the Wilsons are alleged to have violated; where the Wilsons have been denied discovery; where the Wilsons, who are in jeopardy of

7

losing a valuable property right, have not been afforded adequate, timely notice of the persons who will testify and of the nature of the evidence that will be presented in support of the possible agency action; and where, cumulatively, it appears that the agency has failed to afford the Wilsons fundamental fairness and due process.

In so holding, we do not in any way diminish the statutory mandate of § 2-4-702, MCA, which requires exhaustion of administrative remedies and states the rule that judicial review will generally only be available to a person aggrieved by a _final_ agency decision. Persons seeking immediate review of interlocutory administrative agency action or rulings under § 2-4-701, MCA, continue to bear a heavy burden to demonstrate that judicial review of the final agency decision would not provide an adequate remedy.

In this case, the District Court did not rule on the ultimate jurisdictional issue or on the merits of the PSC's notice to the Wilsons. Instead, the District Court remanded to the PSC under a narrowly drafted order requiring simply that in further proceedings on this matter before the PSC the Wilsons be afforded notice of the alleged bases for revocation of their certificate under the statute authorizing such revocation; that they have the opportunity for adequate discovery; and that the agency follow procedures that will insure due process.

While not involving review of an interlocutory agency decision, in Smail v. Al's Sales, Inc. (1990), 245 Mont. 18, 21, 797 P.2d 235, 237, we, nevertheless, required the District Court to

8

remand the case to the agency for further proceedings rather than permitting the Court to exercise judicial review on the basis of an inadequate record and, thereby, substitute its judgment for that of the agency in violation of § 2-4-704, MCA.

In the instant case, by remanding and requiring that the final agency decision be based upon an underlying proceeding grounded in due process, the District Court simply insured, to the extent possible, that any ultimate judicial review of the final agency decision will, in fact, be an "adequate remedy" instead of the meaningless exercise of reviewing an inadequate record formulated on the basis of unfair procedures.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9

Justice Karla M. Gray, dissenting.

I respectfully dissent. My objection is a procedural, rather than a substantive, one. It relates, however, to the critical importance of maintaining our system of administrative law and the manner in which that system interrelates with the judicial system.

My concern with the Court's decision here is that § 2-4-701, MCA, permits immediate judicial review of an interlocutory agency action or ruling only under the specified condition that review of the final agency decision would not provide an adequate remedy. The importance of this statute in our system of administrative law cannot be overstated; thus, in my view, district courts must address applications for immediate judicial review with extraordinary care. To me, this means that the district courts must perform a particularized analysis of a party's entitlement to immediate judicial review under the facts of the case before it. In turn, such an analysis would provide this Court with a sufficient basis to review whether the district court's action in granting immediate judicial review pursuant to § 2-4-701, MCA, was appropriate in a given case.

The District Court's bare conclusion here that "[i]t is appropriate" to review the agency's action is insufficient. It provides the appealing party with nothing to argue from and, at the same time, provides this Court with an inadequate means of review.

In affirming the District Court without requiring an analysis on this critical question, this Court undertakes to provide the _initial_ analysis of whether immediate judicial review was available. Thus, we not only gut any requirement that the party

10

seeking immediate review affirmatively establish entitlement to such review under § 2-4-701, MCA, we also permit the district courts to take entirely too cavalier an approach to this important issue.

I do not suggest that the District Court here did not have in mind the basis for its conclusion that immediate judicial review was appropriate; I suggest only that it is not possible either to know what that basis is or to properly perform this Court's review function. I would require in this important area, as we require in almost every conceivable situation, that the district courts both perform and provide an analysis in support of the conclusion that immediate judicial review is appropriate. I would remand this case to the District Court and direct it to do so.

_____
Justice

Justice John Conway Harrison joins in the foregoing dissent of Justice Karla M. Gray.

_____
Justice

August 26, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

TIMOTHY N. SWEENEY
Montana Public Service Commission
1701 Prospect Ave.
Helena, MT 59620-2601

Neil E. Ugrin
Gary M. Zadick
UGRIN, ALEXANDER, ZADICK & SLOVAK
P.O. Box 1746
Great Falls, MT 59403

Charles H. Recht
RECHT & RECHT
P.O. Box 149
Hamilton, MT 59840

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy