No. 97-677

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 4

_____

)    RE IN IN
IN RE DISTRICT COURT BUDGET)OPINION AND ORDER
ORDER, DATED October 1, 1997  )
_____

¶1 The First Judicial District Court Judges, Jeffrey M. Sherlock, Thomas C. Honzel, and Dorothy McCarter (Judges), have, by counsel, filed their motion requesting that this Court issue an order dismissing the appeal filed by the Board of Lewis and Clark County Commissioners (Board).  The Judges contend that their October 1, 1997 order is not appealable under Rule 1, M.R.App.P.  The Board has responded, arguing that the order is appealable.

BACKGROUND

¶2 In 1997 the Montana Legislature amended § 3-5-602, MCA, to increase the amount of salary for court reporters.  The statute went into effect on October 1, 1997, and provided, in pertinent part that:
Each reporter is entitled to receive a base annual salary of not less than $28,000 or more than $35,000 and no other compensation except as provided in 3-5-604, . . .

¶3 The Judges argue that the language "and no other compensation" has been contained in the Montana statute for over 100 years and that despite this language court reporters in this state, working for district Judges, have been receiving fringe benefits in addition to their salary under the statute for decades.  The Judges further state that the Board threatened to discontinue the court reporters' fringe benefits after October 1, 1997, and that the Judges, accordingly, ordered the Board to continue paying the fringe benefits.  The Judges' order, issued October 1, 1997, required the Board to provide the court reporters of the Lewis and Clark County District Court the maximum salary increase authorized by the 1997 Legislature and "all county employment benefits they received prior to October 1, 1997, including but not limited to, health insurance, PERS participation, and all other benefits said court reporters received prior to October 1, 1997."  On November 25, 1997, the Board appealed this order directly to this Court.

DISCUSSION

¶4 The Judges maintain that if the Board wishes to take issue with their October 1, 1997 order, the Board is required to file an appropriate civil action--whether that be a petition for writ of mandamus pursuant to § 27-26-101, et seq., MCA; a petition for writ of prohibition pursuant to § 27-27-101, et seq., MCA; or some other action.

¶5 The Judges contend that Rule 1, M.R.App.P., is very restrictive and specifically requires a civil action or a criminal action to be filed before any party, aggrieved by an order, may appeal.  The Judges argue that since the Board has failed to commence any

civil action, nor has any civil action been commenced against the Board, there can be no appeal and that the Board's appeal should be dismissed.  The Judges also point out that since no civil action has been commenced there are no named parties, no case number, nor any court record which can be transmitted on appeal.  They contend that their order is simply an "administrative order" from which an appeal is improper under Rule 1, M.R.App.P.

¶6In response, the Board argues that the Judges did not issue their order as an idle act--they expected it to be obeyed unless withdrawn (which it has not been).  In fact the Judges expressly provided that failure to abide by the order "will constitute a contempt of court and subject the county and its commissioners to possible fines and other penalties.þ" According to the Board, no further steps are needed to effectuate the Judges' order.  The Board faces a clear choice--abide by the order or face contempt of court charges.

¶7Under these circumstances, the Board argues that the Judges' order represents a final order for purposes of Rule 1, M.R.App.P., and it cites to our decision in Butte Silver Bow Local Gov't v. Olsen (1987), 228 Mont. 77, 743 P.2d 564, wherein we accepted the direct appeal of  a similar ex parte funding order of a Montana district court.

¶8Moreover, the Board argues that the alternative remedy suggested by the Judges would fail to provide the Board with the requisite relief which it seeks.  The Board contends that the order is a final appealable order and that the question of whether there might be an alternative approach is purely academic.  Furthermore, citing  Awareness Group v. School District No. 4 (1990), 243 Mont. 469, 475, 795 P.2d 447, 451, and Billings Associated Plumbing v. State Board of Plumbers (1979), 184 Mont. 249, 254, 602 P.2d 597, 600, the Board contends that a writ of prohibition would provide no relief because the Judges have already acted in issuing their order and because a district court could not order the Judges to refrain from an act that has already occurred.

¶9Similarly,  the Board contends that filing a petition for writ of mandamus would be futile since the purpose of the writ is to compel activity and to require the performance of an act which the law specifically enjoins as a duty or to compel the admission of a party to the  use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded.  Sections 27-26-101 and 102, MCA.  The Board contends that if it opted to disobey the Judges' order and to await a mandamus action by the affected court reporters, the Board would place itself in contempt of court, which it is not willing to do.  Furthermore, the Board cites our decision in Awareness Group for the proposition that filing a petition for a writ of mandamus after the court has already issued its order would be a meaningless act.  See, Awareness Group, 795 P.2d at  451. Finally, the Board points out that the Judges' order is not one from an administrative agency but, rather, is a judicial order from the First Judicial District Court.

¶10We have considered the arguments raised by the Judges and by the Board and conclude that there is merit in each side's legal position.  On the one hand, we tend to agree with the Judges that the order is likely not appealable under Rule 1, M.R.App.P.

¶11In this regard, however, we note that in Olsen, the case cited by Board, we did entertain a direct appeal of the district court's ex parte judicial order granting a salary increase to eight members of the court's staff.  As pointed out by the Board, it in fact,

does not appear that there was any underlying proceeding or action from which the appeal in that case was taken. Olsen, 743 P.2d at 564-65. Notwithstanding, there was no issue or argument raised in Olsen as to whether the district court's order was directly appealable under Rule 1, M.R.App.P., or whether an underlying civil action or proceeding was a necessary predicate to the appeal. Accordingly, Olsen is not dispositive of the precise issue raised by the Judges in their motion to dismiss.

¶12We also tend to agree with the Board that, for the reasons it sets forth in its memorandum of law, neither a petition for writ of prohibition nor a petition for writ of mandamus would be appropriate or provide any meaningful relief given the posture of the case at bar. It would be futile to seek to either prohibit or to compel an act already accomplished. Awareness Group, 795 P.2d at 451.

¶13Nonetheless, we are concerned that this matter is on direct appeal without any underlying record whatsoever, except for the Judges' order, and with the potential that, even though the matter at issue appears to be primarily one of law, there may be factual matters which will be of importance to our decision.

¶14With all of this in mind, we believe that the better approach in a case such as this is that the party aggrieved by the Judges' order file an original proceeding in this Court under Rule 17, M.R.App.P. This was the sort of procedure that was utilized in Gallatin County v. Eighteenth Judicial District Court (1997), ___ Mont. ___, 930 P.2d 680, 54 St. Rep. 46. In that case the Board of Gallatin County Commissioners instituted an original proceeding in this Court by way of a petition for writ of supervisory control seeking relief from an order of the Eighteenth Judicial District Court directing the Gallatin County Commissioners to provide and to pay for various jury room facilities at the Gallatin County Law and Justice Center.

¶15We accepted supervisory control because of the state-wide importance of the legal issues presented and because it was clear that urgency and emergency factors existed, not the least of which was the interest of the Gallatin County taxpayers in avoiding extended litigation beginning at the trial court level. Gallatin County, 930 P.2d at 683.

¶16Moreover, in that case, since it appeared that a factual record needed to be developed, we were able to remand the entire matter for an evidentiary hearing to a neutral district court judge for the purpose of developing a factual record and more clearly defining the legal issues. Following that hearing and entry of the neutral judge's findings and conclusions, and with the record developed in the neutral district court, we were able to render our decision on the important legal issues raised. Gallatin County, 930 P.2d at 683-89.

¶17We believe that a similar procedure should be followed in the case at bar. Should the Board choose to do so, it may file a petition for writ of supervisory control with this Court pursuant to Rule 17, M.R.App.P., and raise therein whatever legal questions it determines are at issue as a result of the Judges' order of October 1, 1997. In this regard, and in order to expedite our review of this matter should the Board seek supervisory control, we suggest that the Judges and Board jointly file a statement of agreed facts and attach thereto the Judges' order and any other documents that are necessary to our review of the legal issue or issues presented. To the extent that the parties cannot agree on certain facts, those disputes can be pointed out and, if we deem

it necessary, we can then remand for an evidentiary hearing in a neutral district court as we did in Gallatin County.

¶18 On this basis, we conclude that the Judges' motion to dismiss the Board's instant appeal should be granted without prejudice to the underlying merits of the case. Accordingly,

¶19IT IS HEREBY ORDERED that the Judges' motion to dismiss should be and the same is, hereby, GRANTED, and the appeal of the Board in this cause is DISMISSED WITHOUT PREJUDICE TO THE MERITS.

¶20IT IS HEREBY FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to counsel of record.

¶21DATED this 13th day of January, 1998.


/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY
/S/  WILLIAM E. HUNT, SR.
/S/  W. WILLIAM LEAPHART