FILED

May 31 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0736

DA 15-0736

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 131N

JAMES T. & ELIZABETH GRUBA and
LEO G. & JEANNE R. BARSANTI,

Petitioners and Appellants,

v.

MONTANA PUBLIC SERVICE COMMISSION,

Respondent and Appellee,

and

NORTHWESTERN ENERGY,

Intervenor.

APPEAL FROM: District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDV 2015-648
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Russell L. Doty, Attorney at Law; Greeley, Colorado

For Appellees:

Laura J. Farkas, Montana Public Service Commission; Helena, Montana

For Intervenor:

Sarah Norcott, Northwestern Energy; Helena, Montana

Submitted on Briefs: April 27, 2016
Decided: May 31, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      James and Elizabeth Gruba and Leo and Jeanne Barsanti (Appellants) are the currently-named plaintiffs in this case. The original complaint, including additional plaintiffs, was filed in 2010 before the Montana Public Service Commission (PSC), alleging that Northwestern Energy is overcharging Billings and Montana consumers of street lighting services by charging unreasonable and unjustly discriminatory tariff rates. *See Williamson v. Mont. PSC*, 2012 MT 32, 364 Mont. 128, 272 P.3d 71. After the PSC denied several of Appellants' motions, Appellants filed a Petition for Review of Administrative Agency Decisions, Complaint in Request for Declaratory Judgment, Action to Compel Performance, and Request for a Temporary Rate Reduction (the Petition) in the First Judicial District Court, Lewis and Clark County. The PSC moved to dismiss the Petition pursuant to M. R. Civ. P. 12(b)(1) and (6), and on November 2, 2015, the District Court granted the motion. Appellants appeal, raising and primarily arguing the same issues they sought to raise in the District Court, essentially asking this Court to consider the merits of those issues. We address the single issue of whether the District

Court erred when it dismissed the Petition, and denied interlocutory review of the agency's actions under § 2-4-701, MCA.

¶3     As a rule, "judicial review will generally only be available to a person aggrieved by a *final* agency decision." *Wilson v. Dep't of Pub. Serv. Regulation*, 260 Mont. 167, 172, 858 P.2d 368, 371 (1993) (emphasis in original). However, "[a] preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy." Section 2-4-701, MCA. We have previously stated that "[p]ersons seeking immediate review of interlocutory administrative agency action or rulings under § 2-4-701, MCA, continue to *bear a heavy burden* to demonstrate that judicial review of the final agency decision would not provide an adequate remedy." *Wilson*, 260 Mont. at 172, 858 P.2d at 371 (emphasis added). In dismissing the Petition, the District Court noted that "Petitioners are actively involved in extensive proceedings in front of the PSC on various procedural issues[,]" and "it is clear that the PSC has not issued a final ruling."

¶4     Appellants argue "that the District Court is required by law" to grant judicial review of the PSC's denial of class certification, citing M. R. Civ. P. 23(f), and of the PSC's denial of the motion to amend testimony. They assert that "[a]ny PSC final agency decision, which is devoid of consideration of [Appellants'] complete testimony, cannot and will not provide an adequate remedy because there will be no record of massive statewide overcharges, only of small overcharges in three or four street improvement and lighting districts . . . ."

4

¶5     However, while a preliminary, procedural, or intermediate agency ruling may be reviewed if review of a final agency decision would not provide an adequate remedy, there has been no such showing in this case, other than Appellants' strongly-worded assertion. *See Kingsbury Ditch Co. v. Dep't of Natural Res. & Conservation*, 223 Mont. 379, 382, 725 P.2d 1209, 1210 (1986) ("There has been no showing in this case that a review of the final agency action would provide an inadequate remedy."). The District Court aptly stated, "This Court finds no reason to inject itself into an on-going administrative proceeding." Upon our de novo review, we find that the Appellants did not meet their burden to establish that such an interlocutory appeal is appropriate. *See Doty v. Mont. Comm'r of Political Practices*, 2007 MT 341, ¶ 9, 340 Mont. 276, 173 P.3d 700 ("We review a district court's ruling on a M. R. Civ. P. 12(b)(6) motion to dismiss de novo.") (citing *State v. Hall*, 2006 MT 37, ¶ 10, 331 Mont. 171, 130 P.3d 601).

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law, which the District Court correctly applied.

¶7     Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER