DA 06-0754

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 341

RUSSELL L. DOTY,

　　　　Petitioner and Appellant,

　　v.

MONTANA COMMISSIONER OF POLITICAL
PRACTICES, BRADLEY MOLNAR and JOHN E. OLSEN,

　　　　Respondents and Appellees,

　　and

IN THE MATTER OF:
THE COMPLAINT AGAINST BRADLEY
MOLNAR AND JOHN E. OLSEN.

APPEAL FROM:　　District Court of the First Judicial District,
　　　　　　　　In and For the County of Lewis and Clark, Cause No. ADV 2006 322,
　　　　　　　　Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Russell L. Doty, pro se, Billings, Montana

　　　　For Appellees:

　　　　　　Honorable Mike McGrath, Attorney General; James M. Scheier,
　　　　　　Assistant Attorney General, Helena, Montana

　　　　　　　　　　Submitted on Briefs:　September 19, 2007

　　　　　　　　　　　　　　Decided:　December 17, 2007

Filed:

_____
　　　　　　　　Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Russell L. Doty (Doty) filed two complaints before the Commissioner of Political Practices (Commissioner) alleging that Bradley Molnar (Molnar) and John E. Olsen (Olsen) violated campaign finance and practices laws by making false statements about Doty during Molnar's campaign against him. The Commissioner, Gordon Higgins, found there was insufficient evidence to conclude that Molnar or Olsen violated such laws, and Doty subsequently filed a petition for judicial review, a complaint for declaratory judgment, and an application for mandamus challenging that decision in the First Judicial District Court, Lewis and Clark County. The District Court granted the Commissioner's motion to dismiss all of the causes of action. We affirm.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court err in ruling that the Commissioner's exercise of discretion in electing not to file charges against Molnar and Olsen may not be controlled by mandamus?

¶4 2. Did the District Court err in ruling that Doty was not entitled to seek a declaratory judgment challenging the exercise of discretion by the Commissioner?

¶5 3. Did the District Court err in ruling that the Commissioner's decision not to prosecute is not subject to judicial review?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 Doty and Molnar were both candidates for the Public Service Commission in 2004. Olsen was one of Molnar's supporters. During the campaign, Molnar filed a campaign finances and practices complaint against Doty with the Commissioner,

alleging, among other things, that Doty was not a Montana resident, had used a false address when he registered to vote, and had no intention of moving to Montana from his home in Colorado, all of which Molnar argued was evidence that Doty was not qualified to run for office in Montana. The Commissioner concluded there was insufficient evidence that Doty violated § 45-7-202, MCA, Montana's "false swearing" statute, or § 13-35-207, MCA, Montana's "deceptive election practices" statute, and thus elected not to pursue legal action against Doty on the basis of Molnar's complaints.

¶7 Doty then filed two campaign finance and practices complaints against Molnar with the Commissioner. The first complaint alleged that statements made by Molnar, both in his complaint against Doty and elsewhere, were false. The second complaint alleged that various statements made by Molnar and Olsen were false. With respect to these claims by Doty against Molnar and Olsen, the Commissioner likewise found that there was insufficient evidence to conclude that either Molnar or Olsen had violated Montana's political civil libel or false swearing statutes, and thus elected not to pursue legal action against Molnar and Olsen. Doty then sought a declaratory judgment, mandamus, and judicial review in the District Court challenging the Commissioner's decision not to prosecute Molnar and Olsen.

¶8 The Commissioner filed a motion to dismiss Doty's action in the District Court. The District Court held that: (1) Doty lacked standing to request a declaratory judgment because his "rights, status, or other legal relations" were not affected by the Commissioner's decision not to pursue legal action against Molnar and Olsen; (2) the Commissioner's decision was not subject to mandamus because it was discretionary in

nature; and (3) the Commissioner's decision was not subject to judicial review because it was not a "contested case," and because Doty's rights were not prejudiced by the Commissioner's decision. Accordingly, the District Court granted the Commissioner's motion to dismiss. Doty appeals.

## STANDARD OF REVIEW

¶9 We review a district court's ruling on a M. R. Civ. P 12(b)(6) motion to dismiss de novo. *State v. Hall*, 2006 MT 37, ¶ 10, 331 Mont. 171, ¶ 10, 130 P.3d 601, ¶ 10. "A motion to dismiss under [M. R. Civ. P. 12(b)(6)] has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true." *Hall*, ¶ 10 (quoting *Orr v. State*, 2004 MT 354, ¶ 9, 324 Mont. 391, ¶ 9, 106 P.3d 100, ¶ 9). Dismissal is proper if the plaintiff would not be entitled to relief based on any set of facts that could be proven to support the claim. *Hall*, ¶ 10. "The determination of whether a complaint states a claim is a conclusion of law, and the district court's conclusions of law are reviewed for correctness." *Hall*, ¶ 10.

## DISCUSSION

¶10 The Commissioner is primarily responsible for investigating alleged violations of Montana's election laws and, in conjunction with the county attorneys, is also responsible for enforcing those laws. Section 13-37-111, MCA. However, the Commissioner's obligation to enforce Montana's election laws, and more specific to this case, Montana's campaign finance and practices statutes, is discretionary. The statute authorizing the Commissioner to prosecute a violation of the election laws allows the Commissioner to

4

begin such a prosecution only if the county attorney fails to do so, and even then, the language authorizing such action is permissive. Section 13-37-124(1), MCA, states:

> [W]henever the commissioner determines that there appears to be sufficient evidence to justify a civil or criminal prosecution . . ., the commissioner shall notify the county attorney . . . and shall arrange to transmit to the county attorney all information relevant to the alleged violation. If the county attorney fails to initiate the appropriate civil or criminal action within 30 days after receiving notification of the alleged violation, the commissioner may then initiate the appropriate legal action.

The statute does not require the Commissioner to prosecute any violation of election laws if the county attorney declines to do so.

¶11 Doty alleged that Molnar and Olsen violated §§ 13-37-131(1) and 45-7-202, MCA. Section 13-37-131(1), MCA, is Montana's political civil libel statute, and reads: "It is unlawful for a person to misrepresent a candidate's public voting record or any other matter that is relevant to the issues of the campaign with knowledge that the assertion is false or with a reckless disregard of whether or not the assertion is false." If the Commissioner finds that the statute has been violated, the Commissioner or county attorney is authorized to bring a civil action against such persons, who may in turn be liable for up to $1,000, payable to the county and/or the general fund of the State. Sections 13-37-129 and 13-37-131(4), MCA. Montana's false swearing statute, § 45-7-202(1)(a), MCA, makes it unlawful for a person to knowingly make a false statement, under oath, in an official proceeding. Neither statute provides a remedy to an individual, such as Doty, who files a complaint with the Commissioner. Rather, the campaign finance and practices laws are, as the Commissioner correctly argues, for the benefit of the public at large.

5

**¶12 Did the District Court err in ruling that the Commissioner's exercise of discretion in electing not to file charges against Molnar and Olsen may not be controlled by mandamus?**

¶13 Doty petitioned the District Court to compel the Commissioner to investigate and make findings pursuant to the requirements of Admin. R. M. 44.10.307(3), which states:

> Upon receipt of a complaint, the commissioner shall investigate . . . the alleged violation. The commissioner, upon completion of the investigation, shall prepare a written summary of facts and statement of findings, which shall be sent to the complainant and the alleged violator. Following the issuance of a summary of facts and statement of findings, the commissioner may take other appropriate action.

The Commissioner issued a fifteen-page Summary of Facts and Statement of Findings responding to Doty's complaint. However, Doty argues that the Commissioner failed to "summarize the facts and completely ignored his duty to make findings on the false swearing charge." The Commissioner responds that he sufficiently explained the basis for his exercise of discretion, and that a discretionary act—such as his decision not to prosecute Molnar and Olsen—cannot be compelled by mandamus. Doty replies that the Commissioner's argument fails because he is not seeking to compel the performance of a discretionary act, but merely those ministerial duties required of the Commissioner by law.

¶14 However, while it is true that the focus of Doty's argument on appeal is compelling the ministerial duties required of the Commissioner, his pleadings were not as narrowly tailored as he asserts. His complaint contained assertions regarding the "standard of determining whether or not to proceed with a prosecution" and calling into question the process the Commissioner must undertake "in determining whether to

6

present his findings to a County Attorney." These assertions necessarily involve the exercise of the Commissioner's discretion in deciding whether to prosecute.

¶15 A writ of mandamus "will not issue to compel performance of a discretionary function." *Jeppeson v. Dept. of State Lands*, 205 Mont. 282, 288, 667 P.2d 428, 431 (1983). In determining whether an act is ministerial or discretionary, we have observed:

> [W]here the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial.

*State v. Cooney*, 102 Mont. 521, 529, 59 P.2d 48, 53 (1936). Ministerial acts can be compelled by mandamus; discretionary acts cannot. For example, we have held that a prosecutor's "decision as to whether or not to prosecute and what charge to bring against an individual is entirely within the discretion of the county attorney." *Helena Parents Commn. v. Lewis & Clark County Commissioners*, 277 Mont. 367, 375, 922 P.2d 1140, 1145 (1996). The Commissioner's role in determining whether or not to prosecute alleged violations of Montana's campaign finance and practices laws is analogous to the prosecutorial work done by a county attorney, and cannot be compelled by mandamus. Once his Summary of Facts and Statement of Findings was issued, the Commissioner had discretion whether or not to "take appropriate action" by undertaking a civil prosecution. *See also* § 13-37-124(1), MCA ("If the county attorney fails to initiate the appropriate civil or criminal action within 30 days after receiving notification of the alleged violation, the commissioner *may* then initiate the appropriate legal action.") (emphasis added). We thus concur with the District Court that the Commissioner's decision not to pursue legal

action against Molnar and Olsen was discretionary and is not subject to mandamus. The Commissioner was under no legal duty to prosecute Molnar and Olsen for their alleged violations of campaign laws.

¶16 That said, Doty also asserted that the Commissioner had failed to perform his duties under Admin. R. M. 44.10.307(3) to "investigate" and "prepare a written summary" upon receipt of Doty's complaint on all of the issues raised therein. Under the regulation, the Commissioner does not have the discretion to ignore these tasks. Rather, they are ministerial duties which the Commissioner must perform. The State largely ignores this argument, lumping all of Doty's claims into one discretionary "pot."

¶17 The Commissioner's Summary of Facts and Statement of Findings explained, in great detail and after a thorough investigation, the basis for his determination that there was insufficient evidence to prove that Molnar or Olsen violated § 13-37-131(1), MCA. Such findings also support the Commissioner's conclusion that § 45-7-202(1)(a), MCA, was not violated. Our review of the report leads to the conclusion that the Commissioner investigated and issued a Summary of Facts and Statement of Findings which thoroughly and carefully responded to Doty's complaint, and which were sufficient to satisfy the Commissioner's duties with regard to all of Doty's claims.

¶18 **Did the District Court err in ruling that Doty was not entitled to seek a declaratory judgment challenging the exercise of discretion by the Commissioner?**

¶19 Doty also alleged that the Commissioner misinterpreted § 13-37-131(1), MCA, and § 45-7-202(1)(a), MCA, and seeks review pursuant to Montana's declaratory judgment statute. The declaratory judgment statute, § 27-8-202, MCA, provides:

8

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Thus, in order to file a declaratory judgment action against the Commissioner for failing to pursue legal action against Molnar and Olsen, Doty's "rights, status, or other legal relations" must be affected the Commissioner's interpretation of §§ 13-37-131(1) and 45-7-202(1)(a), MCA.

¶20 The District Court observed, and we agree, that "Doty, himself, has not been prosecuted or threatened with prosecution for violating campaign laws," and thus, Doty's legal rights are unaffected by the Commissioner's decision not to pursue legal action against Molnar and Olsen. Indeed, Doty's interest in the Commissioner's interpretation of §§ 13-37-131(1) and 45-7-202(1)(a), MCA, and its discretionary decision not to prosecute Molnar and Olsen for political civil libel and false swearing, is no greater than the public's generally. "[A] showing only of such interest in the subject of the suit as the public generally has is not sufficient to warrant the exercise of judicial power." *Chovanak v. Matthews*, 120 Mont. 520, 529, 188 P.2d 582, 585 (1948). To establish standing, Doty must "clearly allege a past, present, or threatened injury to a property or civil right," and "the alleged injury must be distinguishable from the injury to the public generally . . . ." *Board of Trustees v. Cut Bank Pioneer Press*, 2007 MT 115, ¶ 15, 337 Mont. 229, ¶ 15, 160 P.3d 482, ¶ 15 (citation omitted). Doty has failed to establish standing.

9

¶21 Doty's conclusory allegations of injury to his character, reputation, and rights as a past and future political candidate did not result from the Commissioner's exercise of discretion, and would not be redressed by any interpretation of §§ 13-37-131(1) or 45-7-202(1)(a), MCA. Similarly, his allegation that "Montana voters were denied their inalienable right . . . to truthful information during a campaign" is an injury to the general public that cannot be redressed by the declaratory judgment sought. While Doty's defamation claims may have been pursuable within an independent civil proceeding, we agree with the District Court that the declaratory judgment statute does not provide Doty with standing to challenge the Commissioner's discretionary decision not to prosecute Molnar and Olsen, and therefore affirm the District Court.

¶22 **Did the District Court err in ruling that the Commissioner's decision not to prosecute is not subject to judicial review?**

¶23 Doty's complaint sought to invoke the jurisdiction of the District Court under two Montana statutes providing an aggrieved party the opportunity for judicial review of an agency decision. The first is § 2-4-702(1)(a), MCA, which provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final written decision in a contested case is entitled to judicial review . . . ." Alternatively, Doty cited § 2-3-114, MCA, which provides a district court with "jurisdiction to set aside an agency decision . . . upon petition of any person whose rights have been prejudiced." The District Court correctly concluded that neither statute subjects the Commissioner's investigation, Summary of Facts and Statement of Findings, or decision not to prosecute Molnar and Olsen, to judicial review.

¶24 Section 2-4-702(1)(a), MCA, authorizes judicial review only of "contested case" proceedings. A "contested case" is defined as "a proceeding before an agency in which a determination of legal rights, duties, or privileges of a party *is required by law to be made after an opportunity for hearing*." Section 2-4-102(4), MCA (emphasis added). Doty's complaint before the Commissioner did not result in a "contested case." The Commissioner was not "required by law" to determine the legal rights, duties, or privileges of any party. Likewise, there was no statutory requirement that the Commissioner hold a public hearing during his investigation and decisionmaking process. *See* § 13-37-111, MCA. Thus, the proceeding did not involve a "contested case" and Doty is not authorized to seek judicial review of the Commissioner's exercise of discretion pursuant to § 2-4-702(1), MCA.

¶25 Section 2-3-114, MCA, authorizes judicial review, under certain circumstances, "upon petition of any person whose rights have been prejudiced." Under our discussion of Doty's complaint for declaratory judgment, we observed that Doty's legal rights are unaffected by the Commissioner's decision not to pursue legal action against Molnar and Olsen. For the same reason, we also hold that Doty is not a "person whose rights have been prejudiced." Any action taken by the Commissioner would have affected Molnar and Olsen alone. The Commissioner had discretion to pursue legal action against Molnar and Olsen and declined to do so after finding insufficient evidence to conclude that they violated Montana's campaign finance and practices laws. The Commissioner's decision not to prosecute is not subject to judicial review under § 2-3-114, MCA.

¶26    Affirmed.


                                        /S/ JIM RICE


We concur:


/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART