**FILED**

April 8 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0193

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 121

ROBERT J. BEASLEY,

       Petitioner and Appellant,

  v.

FLATHEAD COUNTY; Flathead County Board
of Adjustment; Flathead County Zoning Administrator
Jeff Harris; and Does 1-10, inclusive,

       Respondents and Appellees.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-07-945(C)
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Tammi E. Fisher, Attorney at Law, Kalispell, Montana

       For Appellees:

              Jonathan B. Smith, Office of the County Attorney, Kalispell, Montana

              Submitted on Briefs:  February 19, 2009

                      Decided:  April 8, 2009

Filed:

_____
                       Clerk
Justice Brian Morris delivered the Opinion of the Court.

¶1    Robert J. Beasley (Beasley) appeals from an order of the Eleventh Judicial District Court, Flathead County, that granted the motion to dismiss filed by Flathead County, Flathead County Board of Adjustment and the Flathead County Zoning Administrator Jeff Harris (collectively Flathead County). We affirm.

¶2    We review the following issue on appeal:

¶3    Whether the District Court properly granted Flathead County's motion to dismiss.

## PROCEDURAL AND FACTUAL BACKGROUND

¶4    We discussed the procedural and factual background concerning Beasley's dealings with Flathead County in *Beasley v. Flathead County Board of Adjustment* (*Beasley I*), 2009 MT 120, ___ Mont. ___, ___ P.3d ___. We will repeat here only those procedures and facts necessary to resolve this appeal.

¶5    Beasley filed an eighteen count complaint for damages and demand for jury trial to the District Court on December 19, 2007. Beasley alleged negligence and multiple constitutional violations with regard to the Flathead County Board of Adjustments' (Board) denial of Beasley's request to transfer a conditional use permit (CUP) that allowed gravel operations on property that he had purchased. Beasley grounded his alleged constitutional violations on 42 U.S.C. § 1983. Beasley alleged negligence by officers and employees of Flathead County in denying the transfer of the CUP. Beasley further alleged due process violations for Flathead County's failure to follow the Flathead County Zoning Regulations (Regulations). Beasley also claimed an equal protection violation, taking of property without just compensation, and estoppel.

2

¶6    Flathead County filed a motion to dismiss Beasley's complaint on res judicata grounds. Flathead County argued that Beasley already had appealed the Board's decision to deny the CUP transfer. The District Court dismissed Beasley's appeal with prejudice. Flathead County thus asserted that res judicata barred Beasley's attempt to re-challenge the same decision by the Board to deny the CUP transfer.

¶7    The District Court took judicial notice of Beasley's 2006 appeal of the Board's decision to deny the transfer of the CUP to Beasley. *Beasley I*, ¶ 8. Beasley had filed his appeal of the Board's denial of the CUP transfer pursuant to § 76-2-227, MCA. *Beasley I*, ¶ 8. Beasley moved to dismiss the appeal with prejudice, however, after the Flathead Citizens for Quality Growth had intervened to defend the Board's decision. *Beasley I*, ¶ 8. The court dismissed Beasley's appeal with prejudice. *Beasley I*, ¶ 8.

¶8    Beasley defended against Flathead County's motion to dismiss on the grounds that the court had dismissed his 2006 appeal before the Board had issued a final decision on its denial of the CUP transfer. The District Court rejected this claim. The District Court determined that dismissal with prejudice, after the opposing party has filed an answer, constitutes adjudication on the merits.

¶9    The District Court decided that Beasley's 2006 appeal of the Board's decision to deny the transfer of the CUP to Beasley involved the same issues as those raised in his 2007 complaint for damages. The District Court noted that Beasley satisfied all four elements to apply res judicata as set forth in *Kullick v. Skyline Homeowners Ass'n, Inc.*, 2003 MT 137, ¶ 17, 316 Mont. 146, 69 P.3d 225. The court determined that (1) the cases involved the same

3

parties or their privies, (2) the cases involved the same subject matter, (3) the issues related to this subject matter were the same, and (4) the same parties were acting in their same capacities in relation to the same subject matter. *Kullick*, ¶ 17. As a result, the District Court concluded that res judicata barred Beasley's complaint. Beasley appeals.

## STANDARD OF REVIEW

¶10 We review de novo a district court's ruling on a motion to dismiss. *Doty v. Mont. Com'r of Political Practices*, 2007 MT 341, ¶ 9, 340 Mont. 276, 173 P.3d 700. A determination of whether a complaint states a claim presents a conclusion of law that we review for correctness. *Doty*, ¶ 9.

## DISCUSSION

¶11 *Whether the District Court properly granted Flathead County's motion to dismiss.*

¶12 Beasley argues on appeal that all four elements essential to application of res judicata do not apply to his eighteen count complaint. He first cites the fact that his current complaint includes causes of action against Flathead County and the Zoning Administrator Jeff Harris (Harris). He notes that his 2006 appeal pursuant to § 76-2-227, MCA, applied only to the Board. He contends that Flathead County and Harris are not in "privy" with the Board. The allegations in Beasley's complaint against Flathead County and Harris relate solely to Beasley's constitutional claims. Beasley seeks to vindicate these alleged constitutional violations through an action pursuant to 42 U.S.C. § 1983.

¶13 As we discussed in *Germann v. Stephens*, 2006 MT 130, ¶ 26, 332 Mont. 303, 137 P.3d 545, a plaintiff first must establish that he possesses a protected liberty or property

4

interest to establish a viable § 1983 claim because the guarantees of the 5th and 14th amendments apply only when a constitutionally protected liberty or property interest is at stake. We further noted that federal due process and takings claims require a plaintiff first to demonstrate that it possesses a constitutionally protected property interest. *Germann*, ¶ 27, citing *Gammoh v. City of La Habra*, 395 F.3d 1114, 1122 (9th Cir. 2005). State due process and takings claims likewise require the plaintiff to first establish that it has a property interest. *Germann*, ¶ 27, citing *Montana Media, Inc. v. Flathead County*, 2003 MT 23, ¶ 65, 314 Mont. 121, 63 P.3d 1129 (due process); *Seven Up Pete Venture v. State*, 2005 MT 146, ¶ 26, 327 Mont. 306, 114 P.3d 1009 (takings). Independent sources, such as state law, create property interests. *Germann*, ¶ 27, citing *Seven Up Pete*, ¶ 26.

¶14 When a plaintiff claims a property interest under state law, we determine whether a reasonable expectation of entitlement exists based largely on the language of the statute relied upon and the extent to which the legislature couched the entitlement in mandatory terms. *Germann*, ¶ 28, citing *Kiely Const., L.L.C. v. City of Red Lodge,* 2002 MT 241, ¶ 27, 312 Mont. 52, 57 P.3d 836. Any significant discretion conferred upon a local agency, however, defeats a claim of entitlement. *Germann*, ¶ 28, citing *Kiely*, ¶ 28. Thus, a property interest exists only when the legislature has so narrowly circumscribed the issuing agency's discretion that it virtually assures the interest's approval. *Germann*, ¶ 28, citing *Kiely*, ¶ 28.

¶15 As we noted in *Beasley I*, a writ of mandamus was not available to Beasley, in part, because the decision whether to transfer the CUP rested in the discretion of the Administrator, in the first instance, and ultimately with the Board. *Beasley I*, ¶ 18. Beasley

5

had yet to obtain the Board's approval of the transfer of the CUP. Beasley likewise cannot claim an ultimate entitlement to the CUP in light of the discretionary nature of the Board's decision on the transfer application. *Beasley I*, ¶ 18. The Regulations vested discretion with the Board to determine whether to grant a CUP. Any interest that Beasley may have possessed in the CUP did not rise to the level of a protected property or liberty interest under these circumstances. *Germann*, ¶ 28.

¶16 Beasley's inability to establish that he possessed a protected property interest in obtaining the transfer of the CUP precludes him from establishing his § 1983 due process and takings claims or his corresponding state claims. *Germann*, ¶ 33. We may affirm the district court if we reach the same conclusion, but on different grounds. *Germann*, ¶ 33. We conclude that the District Court properly granted the motion to dismiss Beasley's constitutional claims.

¶17 We turn then to what Beasley couches as state law tort claims. A closer examination reveals, however, that Beasley generally alleges that the Board was negligent in its handling of his application to transfer the CUP. All of these claims address alleged misconduct solely by the Board. We agree with the District Court that these claims involve the same parties as Beasley's 2006 appeal of the Board's revocation.

¶18 Likewise all of Beasley's purported state law tort claims involve the same subject matter and the same issues as Beasley's 2006 appeal. Beasley asserts that the Board failed to issue a final decision; that the Board failed to draft written findings of fact; that the Board failed to follow the Regulations, and that the Board exceeded its authority in denying the

6

CUP transfer. The capacities of the Board and Beasley with respect to these issues also are the same as those in Beasley's 2006 appeal. As this analysis indicates, the District Court correctly determined that the four elements of res judicata were present here. *Kullick,* ¶ 17.

¶19 Section 76-2-227, MCA, allows judicial review of a board of adjustment's alleged illegal decision in whole, or in part, by any aggrieved person. This section allows an aggrieved party to raise a wide array of alleged improprieties. For example, we have determined that a board of adjustments' failure to make sufficient findings constitutes a basis for appeal pursuant to § 76-2-227, MCA. *Beasley I*, ¶ 22, citing *Flathead Citizens v. Flathead County Bd.*, 2008 MT 1, ¶ 49, 341 Mont. 1, 175 P.3d 282. Both Beasley's complaint and his 2006 appeal raised this identical issue. Beasley's opportunity to challenge the alleged illegality of the Board's decision to deny his transfer request ended with his own election to dismiss his action with prejudice. *Beasley I*, ¶ 8.

¶20 Section 76-2-227, MCA, remains an available remedy for Beasley should he choose to apply for a CUP in his own right and the Board denies his application. Beasley no longer has that remedy available, however, for his current challenges to the Board's decision to deny his CUP transfer.

¶21 Affirmed.

/S/ BRIAN MORRIS

We Concur:

7

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ PATRICIA COTTER

Justice James C. Nelson, specially concurring.

¶22 I concur in the result of the Court's Opinion, but not on the basis of the Court's analysis at ¶¶ 13-16.

¶23 In its March 31, 2008 Order and Rationale on Motion to Dismiss, the District Court correctly held:

> When he filed his broad-based appeal on June 30, 2006, Beasley alleged constitutional and statutory violations, a taking, a due process claim, and alleged the lack of authority of the Board of Adjustment to revoke his permit. In challenging the legality of that decision, Beasley raised, or had the opportunity to raise, all of the issues that he has raised in this case. The four elements of res judicata being present in this case, it is barred by res judicata.

I would affirm the District Court's decision on this basis.

¶24 A district court's decision is presumed correct, and the appellant bears the burden of establishing error by that court. *In re Marriage of McMahon*, 2002 MT 198, ¶ 7, 311 Mont. 175, 53 P.3d 1266; *see also State v. Clausell*, 2001 MT 62, ¶ 48, 305 Mont. 1, 22 P.3d 1111 ("[T]he obligation to establish error by a district court falls squarely on the appellant."). Beasley has failed to meet this burden in this case.

¶25 Beasley's arguments on appeal attack only the District Court's March 31, 2008 Order and Rationale on Motion to Dismiss—i.e., the court's conclusion that the four elements of

res judicata barred his December 2007 complaint. He devotes one conclusory paragraph to the "subject matter" prong of res judicata (as he does, similarly, with respect to the other three prongs). He makes absolutely no argument regarding his constitutional and tort claims, or that he had a property interest in the CUP issued to the Hansons, as a basis for reversing the District Court's decision. Indeed, none of the legal issues discussed in ¶¶ 13-16 of the Court's Opinion was even mentioned by Beasley or the Appellees in their respective briefs on this appeal (or, for that matter, in *Beasley I*1). Appellees argue the District Court's decision; Beasley fails to demonstrate why the court's decision is in error. We need go no further than that.

¶26 Accordingly, on the posture in which this case was decided in the District Court and on which it was argued on appeal, there is no need to render a decision on a rationale that differs from the District Court's. The District Court's decision was correct and should simply be affirmed.

¶27 On that basis, I specially concur.


/S/ JAMES C. NELSON

---

1 *Beasely v. Flathead County Board of Adjustment*, 2009 MT 120, ___ Mont. ___, ___ P.3d ___.