JUSTICE NELSON,
specially concurring.
¶22 I concur in the result of the Court’s Opinion, but not on the basis of the Court’s analysis at ¶¶ 13-16.
¶23 In its March 31, 2008 Order and Rationale on Motion to Dismiss, the District Court correctly held:
When he filed his broad-based appeal on June 30, 2006, Beasley alleged constitutional and statutory violations, a taking, a due process claim, and alleged the lack of authority of the Board of Adjustment to revoke his permit. In challenging the legality of that decision, Beasley raised, or had the opportunity to raise, all of the issues that he has raised in this case. The four elements of res judicata being present in this case, it is barred by res judicata.
I would affirm the District Court’s decision on this basis.
¶24 A district court’s decision is presumed correct, and the appellant *183 bears the burden of establishing error by that court. In re Marriage of McMahon, 2002 MT 198, ¶ 7, 311 Mont. 175, 53 P.3d 1266; see also State v. Clausell, 2001 MT 62, ¶ 48, 305 Mont. 1, 22 P.3d 1111 (“[T]he obligation to establish error by a district court falls squarely on the appellant.”). Beasley has failed to meet this burden in this case.
¶25 Beasley’s arguments on appeal attack only the District Court’s March 31, 2008 Order and Rationale on Motion to Dismiss-i.e., the court’s conclusion that the four elements of res judicata barred his December 2007 complaint. He devotes one conclusory paragraph to the “subject matter” prong of res judicata (as he does, similarly, with respect to the other three prongs). He makes absolutely no argument regarding his constitutional and tort claims, or that he had a property interest in the CUP issued to the Hansons, as a basis for reversing the District Court’s decision. Indeed, none of the legal issues discussed in ¶¶ 13-16 of the Court’s Opinion was even mentioned by Beasley or the Appellees in their respective briefs on this appeal (or, for that matter, in Beasley I[1]). Appellees argue the District Court’s decision; Beasley fails to demonstrate why the court’s decision is in error. We need go no further than that.
¶26 Accordingly, on the posture in which this case was decided in the District Court and on which it was argued on appeal, there is no need to render a decision on a rationale that differs from the District Court’s. The District Court’s decision was correct and should simply be affirmed.
¶27 On that basis, I specially concur.

 Beasely v. Flathead County Board of Adjustment, 2009 MT 120, 350 Mont. 171, 205 P.3d 812.