DA 12-0750

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2013 MT 236N

RUSSELL L. DOTY,

      Plaintiff and Appellant,

  v.

BRADLEY MOLNAR,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 07-22
Honorable G. Todd Baugh, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Russell L. Doty, self-represented; Greeley, Colorado

      For Appellee:

          Jack E. Sands; Attorney at Law; Billings, Montana

      For Intervernor:

          Martha Sheehy, Sheehy Law Firm; Billings, Montana

Submitted on Briefs:  July 17, 2013

Decided:  August 20, 2013

Filed:

_____
                        Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Russell L. Doty (Doty) and Bradley Molnar (Molnar) have been political and legal opponents since at least 2004, when they squared off as candidates for a seat on the Public Service Commission. Charges and countercharges made first to the public and media led to several complaints that were filed by both parties against each other before the Commissioner of Political Practices (Commissioner). After investigation, the Commissioner ultimately dismissed all of the complaints. Doty appealed the dismissal of his complaints, which was affirmed by the District Court and this Court. *See Doty v. Mont. Commr. of Political Pracs.*, 2007 MT 341, 340 Mont. 276, 173 P.3d 700 (*Doty I*).

¶3 Several weeks after our decision in *Doty I* was issued, Doty initiated this litigation. Doty alleged that Molnar committed malicious prosecution by making false allegations to the Commissioner, defamed Doty in statements made to the media and to the Commissioner, violated 42 U.S.C. § 1983 by infringing upon Doty's First Amendment rights, committed breach of contract by violating the Fair Campaign Practices Pledge, and committed abuse of process by filing a political practices complaint against Doty to influence the outcome of the election. In January 2012, the District Court granted

2

summary judgment in favor of Molnar on all counts of Doty's complaint except for the defamation claim, which was tried to a jury from September 11 through September 18, 2012. The jury determined that Molnar had not defamed Doty.

¶4 During the course of the litigation, Doty served a deposition subpoena duces tecum on the Billings Gazette seeking identifying and contact information about online users who had electronically posted messages on the Gazette's website, including Molnar, Molnar supporter John E. Olsen, and those posting under user names "Always Wondering," "CutiePie," and "High Plains Drifter." The Gazette moved to quash the subpoena, citing the Media Confidentiality Act, the First Amendment to the U.S. Constitution, and the right of privacy under Article II, Section 10, of the Montana Constitution. The District Court granted the motion.

¶5 Following the verdict, Doty made post-trial motions for the entry of additional findings and for a new trial, which were denied by the District Court. Doty appeals, challenging the dismissal of his claims by summary judgment, the quashing of the subpoena duces tecum to the Gazette, the District Court's trial rulings on jury instructions and verdict form, and the denial of his post-trial motions. The Gazette moved this Court to intervene in order to respond to Doty's appeal of the order quashing the subpoena; the motion was granted.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The legal issues are controlled by settled law, which the District Court correctly interpreted.

The District Court did not err by concluding that Doty had failed to establish the necessary elements of the claims of malicious prosecution, violation of 42 U.S.C. § 1983, breach of contract, and abuse of process, and entering summary judgment in favor of Molnar on these claims. The remaining issues are ones of judicial discretion and there clearly was not an abuse of discretion by the District Court in granting the motion to quash, instructing the jury, and denying the post-trial motions.

¶7   Affirmed.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER