FILED

08/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0549

DA 21-0549

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 158N

PETER B. HUTTON,

      Plaintiff and Appellant,

    v.

ESTATE OF JERALD L. NYHART, by and through
the Personal Representative, SANDY NYHART;
POINT OF ROCKS ANGUS RANCH, INC.; and
SHERRY N. SMITH, an individual,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Fifth Judicial District,
                  In and For the County of Madison, Cause No. DV-29-2020-39
                  Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Peter M. Tomaryn, Attorney at Law, Dillon, Montana

      For Appellees:

      Carlo J. Canty, Judd M. Jensen, Browning, Kaleczyc, Berry & Hoven, P.C.,
      Bozeman, Montana
      (for Point of Rocks Angus Ranch, Inc. and Sherry N. Smith)

      John Warren, Attorney at Law, Dillon, Montana
      (for Estate of Jerald L. Nyhart)

                         Submitted on Briefs:  June 22, 2022

                                  Decided:  August 9, 2022

Filed:

                                  _____
                                          Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Plaintiff and Appellant Peter B. Hutton (Hutton) appeals from the August 9, 2021 Order on Motion to Take Judicial Notice and Motions for Summary Judgment issued by the Fifth Judicial District Court, Madison County.  The District Court's order granted the separate motions for summary judgment filed by Defendant and Appellee Estate of Jerald L. Nyhart (Nyhart) and Defendants and Appellees Point of Rocks Angus Ranch, Inc. (PORAR), and Sherry N. Smith (Smith).[1]  We affirm.

¶3    In January 2005, Hutton purchased Nyhart's real property located in Beaverhead and Madison counties.  At the time of the sale, Nyhart was in possession of State Lease #10328, land managed by the Montana Department of Natural Resources and Conservation Trust Lands Management Division (DNRC) and located between Nyhart's property and property owned by PORAR and Smith, Nyhart's sister.  Following the sale, Hutton then

---

[1] Nyhart also filed a Motion to Take Judicial Notice on April 15, 2021, asking the District Court to take judicial notice, pursuant to M. R. Evid. 202, of the August 6, 2019 Order Granting Stipulated Motion to Dismiss in *Hutton v. Nyhart*, Case No. CV-17-82-BU-BMM, filed in the United States District Court for the District of Montana, Butte Division.  The District Court noted "Hutton [did] not oppose" the request and granted the motion in its August 9, 2021 Order on Motion to Take Judicial Notice and Motions for Summary Judgment.  This portion of the court's order is not at issue on appeal.

2

leased Nyhart's property back to him for a term of five years under a separate Farm Lease, with Nyhart's rent being set at $1,000 per year. The Farm Lease included State Lease #10328 as part of the property, and noted the lease would expire on February 29, 2009. The Farm Lease further stated if Nyhart remained on the property after the expiration of the five-year lease without a new agreement, a month-to-month tenancy would be created with a rent 1,000x the previous rate of rent under the Farm Lease.

¶4 When State Lease #10328 expired in 2009, Nyhart applied for, and obtained, another ten-year lease of State Lease #10328. The five-year term of the Farm Lease expired in January 2010. Nyhart remained on the property following the expiration of the Farm Lease. Though the two had discussions regarding rent, Nyhart and Hutton never executed any written agreement extending the Farm Lease after its January 2010 expiration. In November 2017, Hutton sued Nyhart in the United States District Court for the District of Montana, Butte Division, Case No. CV-17-82-BU-BMM (*Hutton I*), for breach of the Farm Lease. Hutton sought damages for unpaid rent under the Farm Lease, filing a complaint seeking $771,233.33 in unpaid rent, based upon the 1,000x month-to-month rent after January 2010 provided for in the Farm Lease. Nyhart thereafter moved off of the leased property at the end of 2017, but continued to hold State Lease #10328 in his name and grazed his cattle there. Hutton then leased the property, excluding State Lease #10328, to Don Johnson in 2018. In December 2018, Nyhart assigned State Lease #10328 to Smith and PORAR.

¶5 Nyhart's ten-year lease of State Lease #10328, which he subsequently assigned to Smith and PORAR in 2018, expired in 2019. The expiration of the State Lease was a

3

matter of public record, posted to the DNRC's website, and any member of the public could apply to take over the State Lease. PORAR, Smith, and Nyhart jointly applied for the ten-year lease of State Lease #10328 in 2019 and were awarded the lease beginning on March 1, 2019. PORAR, Smith, and Nyhart's application was the only application received by the DNRC for State Lease #10328.

¶6 Throughout the time period in which Nyhart left the property, assigned State Lease #10328 to PORAR and Smith, and ultimately obtained a renewal of State Lease #10328 jointly with PORAR and Smith, as well as Hutton leasing the property to Johnson, *Hutton I* remained pending in federal court, with the parties filing several motions. The litigation in *Hutton I* ultimately produced a Settlement Agreement and General Release between Hutton and Nyhart, in which the parties mutually released each other "completely and forever, from any and all claims, causes of action, charges, allegations, suits, contracts, torts, promises, or demands of any kind claimed or asserted" by the other party in the litigation. The Settlement Agreement further stated the "Agreement does not limit, and the Settling Parties do not waive, any other claim, any claim that may arise after they sign this Agreement, any claim that concerns the enforcement of this Agreement, or any claim that cannot be released by law." As part of the settlement, Nyhart agreed to pay Hutton $40,000. The Settlement Agreement was signed by the parties in July 2019, and the federal district court issued its Order Granting Stipulated Motion to Dismiss with Prejudice on August 6, 2019. Nyhart died in October 2019, leaving PORAR and Smith as the sole leaseholders to State Lease #10328.

¶7 On June 25, 2020, Hutton filed his Complaint in this matter. Hutton's Complaint alleged four causes of action relevant to this appeal: (1) breach of contract against Nyhart; (2) breach of the covenant of good faith and fair dealing against Nyhart; (3) fraud and/or misrepresentation against Nyhart, Smith, and PORAR; and (4) interference with business relations and unjust enrichment against Smith and PORAR. A fifth cause of action, regarding a constructive trust and seeking a declaratory judgment related to actions by the DNRC, is not relevant here. Hutton alleged Nyhart represented he was keeping State Lease #10328 in his name due to DNRC regulations, but would eventually assign State Lease #10328 to Hutton. Hutton alleged Nyhart then conspired with Smith and PORAR to transfer the State Lease to Smith and PORAR instead of Hutton, in violation of the Farm Lease.

¶8 On December 7, 2020, PORAR and Smith filed a motion for summary judgment regarding Hutton's claims against them. PORAR and Smith asserted Hutton's fraud claim must fail because Hutton's Complaint did not identify any misleading statements made by either PORAR or Smith regarding State Lease #10328, and the unjust enrichment claim must fail because Hutton never applied for State Lease #10328 himself. On April 15, 2021, Nyhart filed a motion for summary judgment, asserting Hutton's claims against Nyhart were barred by collateral estoppel, res judicata, and the Settlement Agreement and General Release from the federal district court case. Both summary judgment motions were fully briefed by the parties, and on July 23, 2021, the District Court held oral argument on the motions.

¶9     On August 9, 2021, the District Court issued its Order on Motion to Take Judicial Notice and Motions for Summary Judgment. The District Court granted Nyhart's summary judgment motion based on the doctrine of res judicata, determining Hutton could have raised the issues set forth in his Complaint during the federal court action. In addition, the court granted PORAR and Smith's summary judgment motion regarding Hutton's fraud and unjust enrichment claims against them.

¶10    Hutton appeals. We address the following restated issues on appeal: (1) whether the District Court erred by granting Nyhart's motion for summary judgment based on res judicata; and (2) whether the District Court erred by granting PORAR and Smith's motion for summary judgment.

¶11    We review summary judgment orders de novo, performing the same M. R. Civ. P. 56 analysis as the district court. *Bailey v. State Farm Mut. Auto. Ins. Co.*, 2013 MT 119, ¶ 18, 370 Mont. 73, 300 P.3d 1149. Summary judgment is only appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Kucera v. City of Billings*, 2020 MT 34, ¶ 6, 399 Mont. 10, 457 P.3d 952 (citing *Davis v. Westphal*, 2017 MT 276, ¶ 9, 389 Mont. 251, 405 P.3d 73).

¶12    We begin with Nyhart's summary judgment motion. Nyhart moved for summary judgment based on collateral estoppel, res judicata, and the Settlement Agreement. The District Court found collateral estoppel, or issue preclusion, did not bar Hutton's claims, but those claims were barred by res judicata and the Settlement Agreement. On appeal, Nyhart does not take issue with the District Court's determination collateral estoppel did not apply, so we do not address it further. Hutton asserts the District Court erred by

6

determining res judicata applied to the case, contending the Settlement Agreement allowed for any claim not specifically pled in the federal case to be brought later, and asks us to apply the "fairness doctrine" to his Settlement Agreement argument. Hutton further urges us to adopt and apply Restatement (Second) of Judgments § 26 as an exception to res judicata in this case. We find the District Court correctly determined res judicata barred Hutton's claims against Nyhart in this case.

¶13 "Res judicata applies if five elements have been satisfied: (1) the parties or their privies are the same; (2) the subject matter of the present and past actions is the same; (3) the issues are the same and relate to the same subject matter; (4) the capacities of the persons are the same in reference to the subject matter and to the issues between them; and (5) a final judgment has been entered on the merits in the first action." *Adams v. Two Rivers Apts., LLLP*, 2019 MT 157, ¶ 8, 396 Mont. 315, 444 P.3d 415 (citing *Bugli v. Ravalli Cty.*, 2018 MT 177, ¶ 9, 392 Mont. 131, 422 P.3d 131). The doctrine of res judicata, or claim preclusion, "bars the relitigation of a claim that the party has already had an opportunity to litigate." *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 21, 366 Mont. 78, 285 P.3d 494 (citing *Baltrusch v. Baltrusch*, 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267). "This includes claims that were or *could have been* litigated in the first action." *Brilz*, ¶ 21 (emphasis in original). The doctrine of res judicata comes from a judicial policy that favors a definite end to litigation and seeks to "prevent parties from incessantly waging piecemeal, collateral attacks against judgments," so as to "deter plaintiffs from splitting a single cause of action into more than one lawsuit[.]" *Baltrusch*, ¶ 15 (citations omitted).

¶14 Here, Hutton's argument essentially boils down to the following: (1) the Settlement Agreement allows for future claims not specifically pled in the federal court action; therefore (2) application of res judicata would be unfair; and (3) the issues of the federal case and this case are not the same. Necessarily in the alternative to this argument, Hutton urges us to adopt and apply Restatement (Second) of Judgments § 26 as an exception to res judicata if we determine res judicata applies. We are persuaded by neither of Hutton's arguments in this case.

¶15 Both the federal district court case and this case involve Nyhart allegedly breaching the Farm Lease. Though Hutton attempts to fashion an argument by which the issues are different as the federal case involved rent and the current one the State Lease, it is clear the issue in this case, Nyhart's alleged breach of the Farm Lease and its terms, are the same. We would note the Farm Lease expired in 2010, and Nyhart had moved off the property by the end of 2017, while Nyhart's assignment of State Lease #10328 to Smith and PORAR occurred in December 2018, and Nyhart, Smith, and PORAR were awarded the ten-year lease to State Lease #10328 in March 2019. The Settlement Agreement was not signed until July 2019, and the federal district court case was dismissed with prejudice in August 2019. "Voluntary dismissal of an action with prejudice constitutes a final judgment on the merits." *Touris v. Flathead Cty.*, 2011 MT 165, ¶ 15, 361 Mont. 172, 258 P.3d 1 (citing *Beasley v. Flathead Cty.*, 2009 MT 121, ¶ 19, 350 Mont. 177, 206 P.3d 915).

¶16 Hutton's claims regarding Nyhart's alleged breach of the Farm Lease by assigning the State Lease to PORAR and Smith in 2018, and then Nyhart's joint application for State Lease #10328 in early 2019, both occurred well before the Settlement Agreement was

8

signed. Hutton had full opportunity to litigate these claims in the federal action, and he certainly "*could have*" chosen to amend his pleadings to bring them. *Brilz*, ¶ 21. He did not, and his attempt to bring these claims now is barred by res judicata. Regarding Hutton's argument the language of the Settlement Agreement allowed for future claims not involving the specific payment of back rent, the District Court fully considered this argument and parsed the language at issue before rejecting it. We agree with both the District Court's reasoning and its conclusion in this regard. In addition, under the facts of this case, we "decline to adopt Restatement (Second) of Judgments § 26 as an exception to res judicata[.]" *Adams*, ¶ 22. Accordingly, we find the District Court did not err by granting summary judgment to Nyhart based on res judicata.

¶17 We turn now to PORAR and Smith's summary judgment motion, regarding Hutton's claims of fraud, interference with business relations, and unjust enrichment. The District Court granted PORAR and Smith's motion as it found Hutton's "speculation" of a conspiracy between Nyhart, Smith, and PORAR to deny Hutton the opportunity to take over State Lease #10328 was insufficient to create a genuine issue of material fact.

¶18 "In order to make out a prima facie case of constructive fraud, a plaintiff must establish the following elements: a representation; the falsity of that representation; the materiality of that representation; the speaker's knowledge of that representation's falsity or ignorance of its truth; the hearer's ignorance of that representation's falsity; the hearer's reliance upon the truth of that representation; the hearer's right to rely upon that representation; and the hearer's consequent and proximate injury or damage caused by

9

reliance on that representation." *Dewey v. Stringer*, 2014 MT 136, ¶ 9, 375 Mont. 176, 325 P.3d 1236 (citation omitted).

¶19 The District Court correctly granted summary judgment on Hutton's fraud claim against Smith and PORAR, as the Complaint set forth only allegations involving Nyhart's representations to Hutton. Hutton then attempts to weave a tale involving a conspiracy to defraud him to rope Smith and PORAR into the case. The District Court properly rejected this conspiracy claim as mere "speculation," and "[s]ummary judgment cannot be avoided by offering mere speculation." *Dewey*, ¶ 16 (citing *Hiebert v. Cascade Cty.*, 2002 MT 233, ¶ 45, 311 Mont. 471, 56 P.3d 848). Further, Nyhart's assignment of State Lease #10328 to Smith and PORAR in December 2018 occurred after Hutton had already sued Nyhart in federal court for breaching the Farm Lease. In addition, by the time of the assignment, Nyhart had vacated the property and Hutton had leased the property to a new tenant.

¶20 The District Court also correctly granted summary judgment in favor of Smith and PORAR relating to Count IV of Hutton's complaint, which alleged both interference with business relations and unjust enrichment. In order to establish a claim of tortious interference with contractual or business relations, "it must be shown that the defendant's acts (1) were intentional and willful, (2) were calculated to cause damage to the plaintiff in his or her business, (3) were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the actor, and (4) that actual damages and loss resulted." *Grenfell v. Anderson*, 2002 MT 225, ¶ 64, 311 Mont. 385, 56 P.3d 326 (citing *Bolz v. Myers*, 200 Mont. 286, 295, 651 P.2d 606, 611 (1982)). "To prevail on a claim of unjust enrichment, the aggrieved party must establish that (1) a benefit was

conferred upon the recipient by the claimant; (2) the recipient knew about or appreciated the benefit; and (3) the recipient accepted or retained the benefit under circumstances rendering it inequitable for the recipient to do so." *Mont. Digital, LLC v. Trinity Lutheran Church*, 2020 MT 250, ¶ 10, 401 Mont. 482, 473 P.3d 1009 (citation omitted). While a tortious interference claim requires a plaintiff to prove malice, *Taylor v. Anaconda Fed. Credit Union*, 170 Mont. 51, 56, 550 P.2d 151, 154 (1976), "[u]njust enrichment does not necessarily require demonstrating misconduct or bad faith on behalf of the recipient." *Mont. Digital*, ¶ 10.

¶21 The District Court found Hutton could not show either tortious interference or unjust enrichment in this case, and we agree. To prevail on either of these claims, Hutton's "conspiracy" claim would need to be supported by evidence in the record. As it did for Count III of the complaint, the District Court again rejected Hutton's conspiracy claim. Any member of the public, including Hutton, could have applied for State Lease #10328 when it was expiring in 2019. Smith and PORAR filled out an application for the lease, while Hutton did not. It is absurd to suggest Hutton had an inalienable right to State Lease #10328 in perpetuity, as no person has a perpetual lease right to state lands and the terms are matters of public record. Hutton, after suing Nyhart for over $770,000 in 2017, knew Nyhart had left the property and ended the Farm Lease. Hutton had already leased the property to another person well before the State Lease was assigned by Nyhart to Smith and PORAR in 2018. Hutton also knew State Lease #10328 was coming available in 2019, with the expiration of Nyhart's 10-year lease, and chose not to apply. Smith and PORAR

11

cannot be held liable for Hutton's lack of diligence regarding the State Lease and their lawful action of applying to DNRC to take over the lease.

¶22   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶23   Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE